John P. Immel, Appellee, v. The Travelers Insurance Company et al., Defendants.

Appeal of The Travelers Insurance Company, Appellant.

Gen. No. 40,020.

Opinion filed April 26, 1939.   Rehearing denied May 8, 1939.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellant; WILLIAM H. SYMMES, DAVID JACKER and JOHN M. O'CONNOR, JR., all of Chicago, of counsel.

RATHJE & CONNOR and FRANKLIN J. STRANSKY, both of Chicago, for appellee; FRANKLIN J. STRANSKY, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Defendant, Travelers Insurance Company, brings this appeal from a decree entered in the circuit court for $25,000 in favor of plaintiff and against defendant upon a policy of insurance issued by defendant company.

It appears that the beneficial plaintiffs in the original complaint and John P. Immel, as trustee, in the amended complaint base their rights on the duplicate

policy of insurance bearing date of May 24, 1922, executed by the defendant Insurance Company on the life of Robert Volk, which policy of insurance was, with the written consent of the Insurance Company, assigned by said Robert Volk to the Mont Clare Lumber & Supply Company, of which Volk was president, and thereafter deposited by Robert Volk as president of said Mont Clare Company, with John P. Immel, trustee, as collateral security for the payment of the $100,000 issue of bonds executed by the Mont Clare Company and sold to the public.

In answer to the claim of John P. Immel, as trustee, the defendant Insurance Company in its amended answer and in its answer to the amended complaint admitted the execution and delivery by it of the duplicate policy dated May 24, 1922, the assignment of the contract of insurance represented by said duplicate policy by Robert Volk to the Mont Clare ·Company, and the consent of the Insurance Company to such assignment, and admitted that the Mont Clare Company was from April 26, 1920 (the date of the original policy of insurance) to October 1, 1928, the assignee of said policy and entitled to all the benefits accruing under said contract of insurance on the life of said Robert Volk.

The defendant Insurance Company further contends that after the death of Robert Volk, it rightfully paid the amount of the insurance in question to the Noel State Bank, trustee, which predicated its rights on the second policy dated November 26, 1926.

It further appears from the answer of said Insurance Company that the said assignment of the policy of November 26, 1926, executed by Robert Volk, as president of the Mont Clare Company, assigned to himself, individually, all right, title and interest of the Mont Clare Company in the second duplicate policy of insurance bearing date as aforesaid, November 26, 1926.

In order to keep in mind the successive events in this transaction, we deem it advisable to set them forth in sequence as disclosed by the pleadings and the evidence. They are as follows:

On February 6, 1922, the Mont Clare Lumber & Supply Company offered for sale to the public its bonds in the aggregate amount of $100,000, pursuant to a certain trust deed of that date, said trust deed being filed for record in the recorder's office of Cook county, Illinois, as Document No. 7,401,126, and to secure the same executed a deed of trust covering certain real estate owned by it. John P. Immel, plaintiff in this case, was named therein as trustee. Said trust deed conveyed to said John P. Immel, trustee, certain real estate, and as further security provided that said Mont Clare Lumber & Supply Company would at all times place and keep in reputable companies insurance in the sum of $25,000 on the life of the said Robert Volk and that said policies would be deposited with the Immel State Bank upon its request.

A policy of insurance for the sum of $25,000 was issued by the defendant company upon the life of Robert Volk bearing date of April 1, 1920, which policy was thereafter assigned to the Mont Clare Lumber & Supply Co. for the purpose of complying with the provisions of the trust deed which provided that in addition to the real estate enumerated therein as security, that a policy of insurance for said sum would be deposited with the trustee named in said trust deed as additional security. Later it was claimed by Volk that the policy was lost and could not be found.

On May 15, 1922, Robert Volk, president of the Mont Clare Lumber & Supply Co. presented to the Rockwood Badgerow Company, the Chicago representative of the defendant, an affidavit on the regular form of the Travelers Insurance Company, which in effect stated that the said policy of insurance issued by the

Travelers Insurance Company and bearing date of April 1, 1920, had been lost or destroyed, and requested the Rockwood-Badgerow Company to procure another policy from the defendant Insurance Company to take the place of the one so represented in said affidavit to have been lost or destroyed.

On June 1, 1922, the Rockwood-Badgerow Company of Chicago, having sent to the home office at Hartford, the affidavit of loss of the said original policy, and having received from the defendant insurance company a duplicate policy dated May 24, 1922, and in lieu of the one represented by said Volk to have been lost or destroyed, sent the said duplicate policy dated May 24, 1922, to Robert Volk with a letter which stated:

"Re-610745 Life policy

"We are enclosing herewith, duplicate of the above indicated policy which is to take the place of the one that has been lost." There was also attached to the said last issued policy dated May 24, 1922, a photostatic copy of the assignment of the original policy dated April 1, 1920, executed by Robert Volk to the Mont Clare Lumber & Supply Company.

The first duplicate policy of insurance dated May 24, 1922, with the assignment of said Robert Volk to the Mont Clare Lumber & Supply Company attached thereto, and said deed of trust were deposited with said John P. Immel, trustee, in accordance with the provisions of said trust deed. The bonds secured by the trust deed were sold generally to purchasers with the representation that the Mont Clare Lumber & Supply Company was carrying a life insurance policy on the life of Robert Volk in the amount of $25,000 as further security for the bond issue. The trust deed, the policy of insurance, and a number of unissued bonds of the Mont Clare Lumber & Supply Company,

issued pursuant to said trust deed, were deposited by John P. Immel, trustee, in the Immel Safety Deposit Box Company. The documents in question remained exclusively under the control and in the possession of John P. Immel, trustee, until the Immel State Bank, of which the Immel Deposit Company was a wholly owned subsidiary, closed its doors. The safety deposit boxes in the Immel Safe Deposit Company were then taken over by the receiver of the Immel State Bank. The trust deed and said insurance policy dated May 24, 1922, with the photostatic copy of the assignment by Robert Volk to said Mont Clare Lumber & Supply Company of the original policy of April 1, 1920, thereto attached, remained in the custody of the receiver of the Immel State Bank until June, 1932, when they were turned over by the representatives of the receiver to the counsel for plaintiff representing the holders of bonds issued by the Mont Clare Lumber & Supply Company under its deed of trust dated February 6, 1922. The duplicate policy of insurance dated May 24, 1922 was introduced in evidence by counsel for plaintiffs.

During the time the duplicate policy of insurance dated May 24, 1922, was in the possession of John P. Immel, trustee, as aforesaid, the following transaction occurred without the knowledge of John P. Immel, trustee, or of the holders of the bonds of the Mont Clare Lumber & Supply Company.

In the latter part of 1926, there was presented to one Annie E. Johnson, a representative of the Travelers Insurance Company, in the Insurance Exchange Building, 175 West Jackson boulevard, Chicago, by a person unknown to her, an envelope containing a partially burned insurance policy of the Travelers Insurance Company, No. 610,745, on the life of Robert Volk, in the sum of $25,000, and said unknown person asked

to have another policy of insurance issued in .lieu thereof.

Miss Johnson testified that this transaction was very unusual; that she casually examined the partially burned policy so presented and ascertained that it was a policy of the Travelers Insurance Company, No. 610,745, in the sum of $25,000, on the life of Robert Volk, but did not pay any attention as to whether it was an original or a duplicate policy. Without making any further examination defendant's representative sent the parts of the burned policy to the home office of the Travelers Insurance Company at Hartford, Connecticut, where a second duplicate policy was issued without having ascertained whether the burned policy was the original policy, dated April 1, 1920, which the records of the Insurance Company showed had been lost or destroyed, or whether it was the duplicate policy bearing date of May 24, 1922.

The second duplicate policy dated November 26, 1926, was received at the branch office of the defendant. This policy next appeared in the possession of Noel State Bank, which bank had received the same through James M. Hurst, its trust officer, who obtained it from Robert Volk.

The second duplicate policy bearing date of November 26, 1926, was not sent to the defendant Insurance Company to have attached thereto the purported reassignment by the Mont Clare Lumber & Supply Company to Robert Volk. Hurst retained the second duplicate policy in his possession and he attached to the second duplicate policy a copy of the purported assignment by the Mont Clare Company to Robert Volk and a copy of change of beneficiary.

On October 1, 1928, Robert Volk executed, as president of the Mont Clare Lumber & Supply Company, to and in favor of himself, individually, an assignment of all right, title and interest of said Mont Clare Com-

pany in said policy of insurance dated November 26, 1926. George W. Crowell, the secretary of the Mont Clare Company, signed the instrument as secretary of that company without knowing anything about the transaction and solely because Volk, his employer, instructed him to do so. This assignment by the Mont Clare Company to Robert Volk was not authorized by the directors or stockholders of that company, and the evidence does not show that the Mont Clare Company actually received any consideration for such assignment, although the assignment recites a consideration. At the time it was executed and forwarded to the Rockwood Company, defendant's Chicago representative, it did not have attached thereto the corporate seal of the Mont Clare Company, nor was any inquiry made as to its validity. Hurst, acting for the Noel State Bank, arranged with someone to have the corporate seal attached sometime after the reassignment was executed.

On October 22, 1928, Volk executed a change of beneficiary, changing the beneficiary of said policy dated November 26, 1926, to Noel State Bank, trustee, which change of beneficiary was consented to by the Insurance Company.

On January 23, 1930, the beneficiary, of which the Noel State Bank was trustee, was changed by some irregular unexplained method by Hurst and Robert Volk from the estate of said Volk to certain preferred creditors of Robert Volk mentioned and described in said Insurance Trust No. 589. Consequently, the status of the Noel State Bank, as trustee, under the last will and testament of Robert Volk, was changed to that of trustee for the creditors of the Robert Volk Real Estate & Improvement Company under said Insurance Trust No. 589, which did not come into existence until January 23, 1930.

Twenty-four days after said Insurance Trust No. 589 was executed and said change in the status of said Noel State Bank, trustee, was made, Robert Volk committed suicide.

Thereafter on February 18, 1930, said James M. Hurst, vice president and trust officer of defendant, Noel State Bank, trustee, executed under oath and forwarded to the Insurance Company an affidavit showing that five policies of insurance on the life of Robert Volk, including said policy bearing date November 26, 1926, were held under said Insurance Trust No. 589, between said Robert Volk and the Noel State Bank, as trustee.

The evidence shows that the defendant company made no inquiry as to the facts surrounding the suicide of Volk and made no examination of its records to trace the history of the policy of insurance on which the Noel State Bank, as trustee, based its claim, or to discover the facts and circumstances under which said second duplicate policy came into existence or to discover the facts and circumstances surrounding the execution by Robert Volk, as president of the Mont Clare Company, to himself, individually, of the right and title of said company in said insurance. It did not ask for proof as to whether any person or corporation, other than the Noel State Bank, as trustee, had any interest or claim in said insurance, and within 10 days after the suicide of Volk paid the total amount of insurance claimed by said Noel State Bank, as trustee, including $25,000 the face amount of said policy, without any policy of insurance, duplicate or otherwise, being turned over to it by the claimant, or anyone in its behalf.

The evidence further shows that the suicide of Volk was 43 days before the 10-year-term policy in question would have expired in accordance with its said terms.

The evidence further shows that James M. Hurst, vice president and trust officer of said Noel State

Bank, had actual knowledge previous to the time said the Travelers Insurance Company paid said $85,000 to said Noel State Bank, as trustee, and prior to the execution on January 23, 1930, by Volk to Noel State Bank, trustee, of Insurance Trust No. 589, that said Mont Clare Lumber & Supply Company had an outstanding unpaid bond issue.

The evidence further shows that Mr. Smithson, a representative of the Insurance Company, who had charge of the matter of examining proofs of the death of Robert Volk and the payment of said sum of $85,000 to said Noel State Bank, as trustee, previous to the time of paying said $85,000, did not consult with any member of the Rockwood Company, the Chicago representative of the Travelers Insurance Company.

The evidence further shows that said Rockwood Company had full knowledge and information with reference to the issuance of the first duplicate policy No. 610,745, bearing date of May 24, 1922, and that the first duplicate policy bearing date of May 24, 1922, was issued under the supervision of said Rockwood Company.

The evidence further shows that said Rockwood Company, was never informed by the Travelers Insurance Company as to the facts and circumstances under which the second duplicate policy bearing date of November 26, 1926, was issued.

Plaintiff's theory of the case is based upon the contentions that the Travelers Insurance Company was negligent, after the issuance of the first duplicate on May 24, 1922, in issuing the second duplicate on November 26, 1926; that the defendant was negligent in not investigating the surrounding circumstances; that the assignment from the Mont Clare Lumber & Supply Company to Robert Volk was presumptively fraudulent; that John P. Immel obtained the first duplicate by way of a pledge from the Mont Clare Lumber & Supply Company and that no notice of his

holding this duplicate policy was necessary to be given to the Travelers Insurance Company; that this first duplicate was the only subsisting policy, the second duplicate having been obtained by fraud, and that the payment by the Travelers to the Noel State Bank was payment to the wrong person; that the maxim "where one of two innocent parties must suffer he who made it possible for a fraud to be committed will be held liable" is applicable so as to hold the Travelers liable; and that plaintiff was not guilty of laches.

Defendant's theory of the case is that it is not liable for the reasons that the provision of the policy in regard to assignment was not complied with; that it never had any knowledge or notice that John P. Immel, as trustee, claimed to be holding the first duplicate; that it had no knowledge of the trust deed of February 6, 1922, or of article 16 thereof; that even if it had had notice of the trust deed, article 16 which provided for indorsement on the policy to the trustee was never complied with; that the defendant never had any notice whatsoever, actual or constructive, of any interest of plaintiff in the contract of insurance; that no circumstances existed which would put the Travelers upon notice; that the assignment from Mont Clare Lumber & Supply Company to Robert Volk was a valid assignment; that payment to the Noel State Bank was payment to the beneficiary under the policy and was not a payment to the wrong party; that the second duplicate was not obtained by fraud; that the maxim "where one of two innocent parties must suffer he who made it possible for a fraud to be committed will be held liable" is not applicable so as to hold the Travelers liable as the plaintiff did not prove, as he had alleged, that there was any fraud; and that the plaintiff was guilty of laches.

The abstract in this case contains a statement of facts and of law applicable thereto which was filed by

the trial judge as his reasons for his decision and by authority of Rule 36 as contained in ch. 110, par. 259.36, subpar. (c) Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 105.36].

As was said in *Hadley v. White,* 367 Ill. 406, at page 409:

"We have long adhered to the rule that when a chancellor has heard the testimony in open court, has had an opportunity to see the witnesses and listen to their testimony from the stand, we will not reverse his findings of fact unless we are able to say that they are palpably contrary to the weight of the testimony. (*Cook v. Wolf,* 296 Ill. 27; *Moore v. Moore,* 335 id. 517; *Hall v. Pittenger,* 365 id. 135.)"

From a review of the entire record we are in accord with the finding of facts and the conclusions of the trial court. We think the evidence clearly shows a fraud was perpetrated by Volk upon the beneficial owners of these bonds and deprived them apparently of the security to which they are entitled. The transfer of the policy of insurance from the Mont Clare Lumber & Supply Company to Volk, who was its president, was a presumptive violation of a fiduciary relation existing between Volk and the company he controlled, and this action was of itself sufficient to put the Insurance Company on inquiry as to Volk's right to make this transfer and also as to what was the consideration paid by the transferee Volk and who would be injured by such an unusual action on the part of Volk.

We are of the further opinion that this fraud was made possible through the carelessness of the company who issued the policies and said company should not now be permitted in equity to claim that they having wrongfully paid others, the same should be charged against plaintiffs. It is our opinion that the Insurance Company obligated itself by its policy of insurance to

pay the money to Immel, the trustee, for whom it was intended and to whom it rightfully belonged. The issuing of the subsequent so-called duplicate policy was the Insurance Company's responsibility and did not in any way affect the rights of plaintiff or preclude their recovery on the policy placed with plaintiff as security for the bond issue.

For the reasons herein given the decree of the circuit court is affirmed.

*Decree affirmed.*

HEBEL, J., concurs, and BURKE, J., takes no part.